# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT VENETUCCI,** | ) | |
| | ) | |
| <u>Pro se</u> **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07cv1521 (RWR)** |
| | ) | |
| **DEPARTMENT OF STATE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), Defendant, through counsel, moves this Court for an Order dismissing this case for lack of jurisdiction and for failure to state a claim upon which relief may be granted.  The Defendant also requests that this case be dismissed as frivolous pursuant to the Prisoner Reform Litigation Act ("PLRA").

<u>Pro se</u> Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  <u>See</u> <u>Fox v. Strickland</u>, 837 F.3d 507, 509 (D.C. Cir. 1988).  In support of this Motion, Defendant respectfully refers the Court to the attached Memorandum of Points and Authorities and proposed order.

November 19, 2007                    Respectfully submitted,


_____
          s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____ s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____ s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT VENETUCCI,       ) | |
|       ) | |
|     <u>Pro se</u> Plaintiff,    ) | |
|       ) | |
| v.       ) | **Case No. 07cv1521 (RWR)** |
|       ) | |
| DEPARTMENT OF STATE,    ) | |
|       ) | |
|     Defendant.    ) | |
| _____) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff filed the instant Complaint seeking a court order ruling that the Department of State "lacked jurisdiction to consent to Plaintiff's trial in Italy" on a charge for which Italy did not originally seek extradition. <u>See</u> Complaint at ¶ 20. Although plaintiff presents this as a declaratory judgment action, the relief he seeks, <u>ie.</u>, vacating his conviction, falls within the scope of a petition for habeas corpus. Plaintiff neglects to mention in his Complaint that he has previously filed three habeas corpus petitions in the United States District Court for the District of Minnesota. All three petitions were denied with prejudice. Moreover, in April 2005, plaintiff filed a Complaint in the Eastern District of New York, raising the same claim presented here. The District Court Judge dismissed the action for lack of subject matter jurisdiction and because the action was frivolous. The Defendant submits that this Court should make the same findings and dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1).

Alternatively, even if this Court construed plaintiff's complaint as a petition for a writ of habeas corpus, this Court lacks jurisdiction to entertain it pursuant to Fed. R. Civ. P. 12(b)(2). As recent case law has made clear, a district court has jurisdiction over a habeas petition only if it has

jurisdiction over the plaintiff's custodian.  Since Plaintiff's custodian is in Rochester, Minnesota, this Court lacks jurisdiction.

Lastly, even if this Court were to address the substantive issues, Plaintiff's effort is fatally flawed because the Treaties of Extradition between the United States and Italy permit the extradited party to be tried for a crime other than that for which he surrendered, if the asylum country consents.  See Treaty on Extradition, Jan. 18, 1973, United States Italy, 26 UST 493, T.I.A.S. 8052 (1973) (hereafter "Treaty of 1973"); Treaty on Extradition, Sept. 24, 1984, United States Italy, 35 UST 3023, T.I.A.S. 10837 (1983) (hereafter "Treaty of 1983").  Because the United States, through the Department of State, consented to the Embassy of Italy's request to try plaintiff on the additional charge of complicity in premeditated murder, plaintiff fails to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was arrested in the State of New York on November 2, 1983, pursuant to an extradition warrant issued by Italy.  See Complaint at ¶ 5.  An extradition hearing for both plaintiff and Michele Sindona was held in the United States District Court for the Eastern District of New York.  See id. at ¶ 6; Matter of Sindona, 584 F.Supp. 1437 (D.C.N.Y. 1984).[1]  The Republic of Italy charged plaintiff "with the crimes of extortion and conspiracy to commit the same."  See Matter of Sindona, 584 F.Supp. at 1447; Complaint at Exhibit A.  After an extradition hearing, wherein Plaintiff only challenged  the existence of probable cause, the District Court made the following findings of fact:

---

[1]  The Republic of Italy charged Michele Sindona with murder, extortion and conspiracy to commit extortion, receiving stolen property and conspiracy to commit receiving stolen property.  See Matter of Sindona, 583 F.Supp. at 1446.

> (1) there is a valid extradition treaty between the Republic of Italy
> and the United States; (2) Michele Sindona and Robert Venetucci
> are the persons sought; (3) the offenses with which they are charged
> are extraditable; (4) the requirements of "double criminality" are
> satisfied; (5) there is probable cause to believe that Michele Sindona
> and Robert Venetucci committed the offenses with which they are
> charged; (6) the required documents are presented in accordance
> with the laws of the United States, translated and duly authenticated
> by a United States Counsel; and (7) all other treaty requirements and
> procedures have been followed.

See id. at 1452.

Thereafter, the Embassy of Italy requested the consent of the United States Government

"to try Robert Venetucci on the additional charge of complicity in premeditated murder." See

Complaint at Exhibit B.  On January 2, 1985, the Department of State informed "the Embassy that

the United States Government consents to the trial in Italy of Mr. Venetucci on the additional

charge of complicity in premeditated murder." See Complaint at Exhibit B.  In 1986, plaintiff was

convicted in Italy of both murder and aggravated extortion and sentenced to life imprisonment.

See Venetucci v. LeBlanc, No. Civ. 03-944 ADM/AJB, 2003 WL 24013824, at *1 (D.Minn. Apr.

10, 2003).

In 1997, plaintiff requested a transfer to the United States.  Id.  At a hearing held pursuant

to 18 U.S.C. § 4108, Plaintiff verified his consent to the transfer and agreed, both orally and in

writing, that any legal proceedings challenging his conviction or sentence had to be brought in

Italy.  Venetucci v. Reese, 46 Fed. Appx. 381, 382, 2002 WL 31016425, at *1 (8th Cir. 2002).  In

March 1998, plaintiff was transferred to the United States, and is currently incarcerated at the

Federal Medical Center in Rochester, Minnesota.  See Venetucci v. Department of State, Civil

Action No. 05cv2174, (EDNY June 21, 2005), Memorandum and Order at 2 (attached hereto).

Plaintiff's prior petitions for a writ of habeas corpus are outlined by the District Court in

Venetucci v. Department of State, supra, as follows:

> Notwithstanding his agreement not to challenge his Italian conviction and sentence in United States courts, plaintiff filed at least three petitions for a writ of habeas corpus in the United States District court for the District of Minnesota following his return to the United States.  In October 1998, plaintiff filed a petition pursuant to 28 U.S.C. § 2241, asserting "that his sentence was illegal because the United States had no right under the Constitution to detain him . . . [and] that the transfer treaty between Italy and the United States was 'defective and illegal.'"  Venetucci v. LeBlanc, 2003 WL 24013824, at *1.  Magistrate Judge John Mason addressed that petition on the merits and recommended that it be dismissed, finding that plaintiff's "request to transfer to the United States was made 'knowingly and understandingly' and was 'wholly voluntary.'"  Id.  That recommendation was adopted by District Judge Ann Montgomery and the petition was dismissed with prejudice on August 17, 1999.  Id.

> In June 2001, plaintiff filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, raising issues which appear quite similar to issues being raised herein.  In that petition, plaintiff argued, inter alia, "that the additional charge of complicity to commit murder was presented against him in Italy in violation of due process, the Ex Port Facto Clause and treaties between Italy and the United States."  Id. at *2.  Magistrate Judge Mason again recommended that the petition be dismissed, this time on the ground that plaintiff had failed to make the showing necessary for the court to consider a second and successive petition.  Id.  Judge Montgomery again adopted the Magistrate Judge's Report and Recommendation, and dismissed the petition with prejudice on February 12, 2002.  Id.

> Plaintiff then appealed to the Eighth Circuit Court of Appeals, which declined to reach the successiveness issue.  Rather, the Eighth Circuit addressed the merits of plaintiff's petition and held that his challenge to his continued incarceration was foreclosed by his agreement to challenge his conviction and sentence only in Italy.  See Venetucci v. Reese, 46 Fed. Appx. at 382, 2002 WL 31016425, at *1.  Noting that such agreements were consistent with federal law and rejecting plaintiff's claim that his consent to transfer was not voluntary, the Eighth Circuit concluded that "the record plainly demonstrates that the claim is without merit."

> On January 29, 2003 - - less than four months after the Eighth Circuit dismissed his second habeas petition - - plaintiff filed a third action, asserting that his consent to the transfer had not been made knowingly.  Although plaintiff

argued that "his claims [were] separate and independent from habeas corpus," Magistrate Judge Arthur J. Boylan rejected this argument, stating that in order to obtain relief, plaintiff "must petition for a writ of habeas corpus." <u>Venetucci v. LeBlanc</u>, 2003 WL 24013824, at *4-*5.  Magistrate Boylan analyzed the submission under both the "second and successive" restriction of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") and the common law abuse of writ principles and recommended that the petition be dismissed with prejudice.  Magistrate Judge Boylan's Report and Recommendation was adopted by Judge Montgomery, who noted that, regardless of whether plaintiff's submission was reviewed "as a § 2241 petition, or . . . a § 3244 All Writs Act petition," the issues plaintiff sought to raise had "been previously considered and rejected by both the District Court and the Eighth Circuit Court of Appeals." <u>Venetucci v. LeBlanc</u>, No. Civ. 03-944 ADM/AJB, 2003 WL 21057066, at *2 (D.Minn. May 9, 2003).

<u>See</u> <u>Venetucci v. State</u>, <u>supra</u>, at 2-4.

In April 2005, plaintiff filed a Complaint in the Eastern District of New York, "alleging that defendant Department of State violated various sections of Title 18 of the United States Code, two extradition treaties between the United States and Italy and plaintiff's Constitutional rights by communicating the United States Government's consent to have Italy try plaintiff on the murder charge." <u>See</u> <u>id.</u> at 4 (attached hereto).[2]  Among other things, plaintiff's Complaint contended that "defendant's 'consent' was unauthorized because no judicial officer had certified that plaintiff was extraditable for the murder charge." <u>See</u> <u>id.</u>

Reading plaintiff's complaint liberally, the District Court Judge concluded that it lacked subject matter jurisdiction because the relief plaintiff sought - - "the vacating of his conviction and his immediate release from custody - - falls squarely within the traditional scope of habeas corpus." <u>See</u> <u>id.</u> at 7 (quotation marks and citation omitted).  The District Court noted that

---

[2] "In late May 2005, plaintiff filed an amended complaint, which requested the same relief and contained most of the same factual allegations as the original complaint." <u>See</u> <u>Venetucci v. Department of State</u>, <u>supra</u>, at 5; Amended Complaint (attached hereto).

because "habeas provisions in 28 U.S.C. §§ 2241 and 2255 set forth special statutory proceedings which enable a person in federal custody to launch a collateral attach on his or her conviction, sentence and incarceration . . . that declaratory relief will not be used to attach a criminal conviction if the writ of habeas corpus or motion to vacate under 28 U.S.C. § 2255 is available." See id. (quotation marks and citation omitted).  In light of the procedural history of this case, the District Court Judge declined "to construe plaintiff's pleadings as a petition for a writ of habeas corpus and to transfer the case in the interest of justice," because "it would be utterly futile to do so."  See id. at 10(citation omitted).[3]

## II.    ARGUMENT

### A.    Legal Standards

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), as the Court lacks jurisdiction over the subject matter.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of

---

[3] In a Summary Order, the United States Court of Appeals for the Second Circuit affirmed the judgment of the district court.  See Summary Order (attached hereto).

persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."

Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, the purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal

sufficiency of a complaint.  Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir.

1996).  A complaint may be dismissed for failure to state a claim upon which relief may be

granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the

relief requested.  Appleton v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow v.

United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  A court should dismiss a complaint

for failure to state a claim when the complaint fails "to raise a right to relief above the speculative

level."  E.g., Bell Atlantic v. Twonbly, 1275 S.Ct. 1955, 1956 (2007).  The court need not accept

as true the plaintiff's legal conclusions.  See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997).

In determining whether a complaint fails to state a claim, the Court may consider only the facts

alleged in the complaint, any documents either attached to or incorporated in the complaint and

matters of which it may take judicial notice.  See E.E.O.C. v. St. Francis Xavier Parochial Sch.,

117 F.3d 621, 624-625 (D.C. Cir. 1997).  From the facts alleged in the complaint in this case,

Plaintiff can prove no set of facts that would entitle him to relief.

**B.    The Court Should Dismiss Plaintiff's Complaint For Lack Of Jurisdiction.**

Plaintiff seeks a declaratory judgment "that Defendant lacked the jurisdiction to consent to

Plaintiff's trial in Italy for the additional charge of complicity in premeditated murder and that

such consent is cancelled."  See Complaint at ¶ 20.  He also requests "that this Court order

Defendant to notify the Embassy of Italy that Defendant's consent to the additional charge . . . has

been cancelled as the Department of State lacked the jurisdiction required."  See id. at ¶ 21.  In

essence, plaintiff is seeking habeas relief because the effect of a declaratory judgment in his favor would necessarily affect his sentence and confinement.

Plaintiff's effort to circumvent habeas relief must fail because "a party who can petition for a writ of habeas corpus may not instead seek a declaratory judgment." Rooney v. Secretary of the Army, 405 F.3d 1029, 1031 (D.C. Cir. 2005) (citing LoBue v. Christopher, 82 F.3d 1081, 1082 (D.C. Cir. 1996); Monk v. Secretary of the Navy, 793 F.2d 364, (D.C. Cir. 1986)).  In LoBue v. Christopher, federal detainees in Illinois facing extradition to Canada sought to challenge the constitutionality of the federal extradition statutes.  Id. at 1082.  The Circuit Court held that the lower court lacked subject matter jurisdiction to hear the plaintiffs' declaratory judgment action because the plaintiffs could challenge the constitutionality of the extradition statutes through a petition for a writ of habeas corpus in the Northern District of Illinois.  See id.  In this case as in LoBue, plaintiff's declaratory action should be dismissed for lack of subject matter jurisdiction because he can bring a habeas action in the District of Minnesota.  See Rooney v. Secretary of the Army, 405 F.3d at 1031 (quoting LoBue v. Christopher, 82 F.3d at 1083) ( "[i]f [plaintiff] receives a declaratory judgment that the [consent] was [in]valid, 'release . . . would follow automatically since, in a second action for a writ of habeas corpus, the prior judgment would have res judicata effect.'").

Even if plaintiff urges this Court to interpret his filing as a writ of habeas corpus, "it must also be dismissed for lack of jurisdiction.  As the Circuit recently reiterated, "the only proper defendant in a habeas case is the petitioner's immediate custodian - - that is, the warden of the facility in which the petitioner is incarcerated at the time he files the habeas petition." Fletcher v. Reilly, 433 F.3d 867, 875 (D.C. Cir. 2006) (citations and internal quotation marks omitted).  Although "the United States District Court for the District of Columbia may have jurisdiction

over the Secretary of [State], that fact does not help [plaintiff] because the petitioner's immediate

custodian, not a supervisory official who exercises legal control, is the proper respondent."

Rooney v. Secretary of the Army, 405 F.3d 1032 (quotation marks and citations omitted).  At the

time plaintiff filed this complaint, he was incarcerated in Rochester, Minnesota; therefore, a writ

of habeas corpus filed by plaintiff belongs in the District of Minnesota.  However, just as the

United States District Court for the Eastern District of New York found that transferring this case

to Minnesota in the interests of justice would be "utterly futile," so too should this Court.

> **C.     Plaintiff's Claim Fails As A Matter Of Law Because The Treaties Between
> The United States And Italy Permit Extradition On An Additional Charge
> When The Requested Party Consents**

Pursuant to 18 U.S.C. § 3184 (1976), "any person whose extradition is requested under

treaty provisions by a foreign government must be brought before a judicial officer for a

determination whether sufficient evidence exists to sustain the charge on which he is sought."

Berenguer v. Vance, 473 F.Supp. 1195, 1196 (D.D.C 1979) (citation omitted).  During an

extradition hearing, the court must determine "whether a valid extradition treaty exists between

the United States and the requesting country, whether the offense charged is extraditable under the

treaty, whether the person brought before the court is the one accused of the crime, and whether

probable cause exists to believe that the defendant committed the offense."  See id. (citation

omitted).  If such findings are made, the court "certifies these facts to the Secretary of State and

issues a warrant holding the defendant in custody pending his surrender.  The final decision

whether to release the defendant to the foreign government for trial rests with the President, who

acts through the Secretary of State.  See id. (citations omitted).   As noted above, the District

Court Judge who presided over Plaintiff's extradition hearing made all of the appropriate findings

9

of fact.  See Matter of Sindona, 584 F.Supp. at 1452.

One limitation of extradition is the "'rule of speciality,' a principle of international law that prohibits the requesting country from prosecuting or punishing the extradited party without the permission of the surrendering country for any offense committed prior to his extradition, except that for which he was extradited."  Berenguer v. Vance, 473 F.Supp. at 1197 (citations omitted); United States v. Sensi, 879 F.2d 888, 892 (D.C. 1989) ("[O]nce extradited, a person can be prosecuted only for those charges on which he was extradited").  An exception to this rule permits the extradited party to be tried for a crime other than that for which he was surrendered if the asylum country consents.  See id.  Such a provision is included in both treaties applicable in this case.  Specifically, Article XV(3) of the Treaty of 1973 states in pertinent part as follows:

> A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:
>
> . . .
>
> 3.  The requested Party has *consented* to his detention, trial and punishment for an offense other than that for which extradition was granted, or to his extradition to a third State.

See id. (emphasis added).  Similarly, Article XVI (1)(c) of the Treaty of 1983 states in pertinent part as follows:

> (1)  A person extradited under this Treaty may not be detained, tried or punished in the Requesting Party except for:
> . . .
>
> (c) an offense for which the Executive Authority of the United States or the competent authorities of Italy *consent* to the person's detention, trial or punishment. . . .

See id. (emphasis added).

Additionally, "because the rule of speciality is not a right of the accused but is a privilege of the asylum state . . . [plaintiff] has no standing to raise this issue." Kaiser v. Rutherford, 827 F.Supp. 832, 835 (D.D.C. 1993); Shapiro v. Ferrandina, 478 F.2d 894, 906 (2d Cir.) cert. dismissed, 414 U.S. 884 (1973). Accordingly, because plaintiff lacks standing to raise the speciality issue, his claims must be dismissed. Even if plaintiff "had standing to assert a claim in this regard, the doctrine of speciality simply requires that the prosecution be based on the same facts as set forth in the request for extradition and the charges must be extraditable offenses under the Treaty." See Kaiser v. Rutherford, 827 F.Supp. at 835 (citing United States v. Sensi, 879 F.2d at 895-96).

In light of the foregoing, plaintiff's claim cannot survive. The applicable extradition treaties clearly demonstrate that the United States, through the Department of State, had the authority to consent to Italy's request to try Plaintiff on the additional charge of complicity in premeditated murder. See Treaty of 1973, Article XV(3); Treaty of 1983, Article XVI (1)(c); Berenguer v. Vance, 473 F.Supp. at 1196; Complaint at Exhibit B. Moreover, the facts enumerated in Matter of Sindona, 584 F.Supp. at 1446-1452, establishes that the prosecution for complicity in premeditated murder is "based on the same facts as set forth in the request for extradition." See Kaiser v. Rutherford, 827 F.Supp. at 835 (citation omitted). Lastly, the charges of complicity in premeditated murder is an extraditable offense under both treaties. See Treaty of 1973, Article II (1), (30); Treaty of 1983, Article II (1), (2).

## CONCLUSION

Because this Court lacks jurisdiction to hear plaintiff's claim, and because plaintiff fails to

state a claim upon which relief may be granted, this Court should dismiss this case with prejudice.


November 19, 2007                    Respectfully submitted,


                                     _____/s/_____
                                     JEFFREY A. TAYLOR, D.C. Bar #498122
                                     United States Attorney



                                     _____/s/_____
                                     RUDOLPH CONTRERAS, D.C. Bar #434122
                                     Assistant United States Attorney



                                     _____/s/_____
                                     KAREN L. MELNIK, D.C. Bar # 436452
                                     Assistant United States Attorney
                                     555 4th Street, N.W.
                                     Washington, DC 20530
                                     (202) 307-0338
                                     (202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Defendant's Motion to Dismiss, was sent via first

class mail on the 19th day of November, 2007, to the following:

Mr. Robert Venetucci
05108-000
Federal Medical Center
PMB 4000
Rochester, MN 55903-4000


_____
/s/
Karen L. Melnik
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT VENETUCCI,       )
                                )
       <u>Pro se</u> Plaintiff,     )
                                )
v.                         )     Case No. 07cv1521 (RWR)
                                )
DEPARTMENT OF STATE,   )
                                )
       Defendant.       )

## ORDER

Upon consideration of Defendant's Motion to Dismiss, any opposition thereto, and the entire record herein, it is this ___ day of _____, 200_,

**ORDERED**, that Defendant's Motion to Dismiss is hereby **GRANTED**. It is further

**ORDERED**, that Plaintiff's complaint is **DISMISSED AS FRIVOLOUS WITH PREJUDICE**.

 

                                    _____
                                    DISTRICT COURT JUDGE

cc:

Karen L. Melnik
Assistant United States Attorney
555 4th Street, N.W. Rm. E-4112
Washington, D.C. 20530

Robert Venetucci
05108-000
Federal Medical Center
PMB 4000
Rochester, MN 55903-4000

_Original)_

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CV 05 2124

RECEIVED

APR 2 5 2005

PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY - 4 2005 ★
BROOKLYN OFFICE

ROSS, J.

BLOOM, M.J.

|  |  |  |
|---|---|---|
| ROBERT VENETUCCI, | ) | Civil No. _____ |
| Plaintiff, | ) |  |
|  | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | EXTRADITION LAWS AND PLAINTIFF'S |
|  | ) | CONSTITUTIONAL RIGHTS |
| DEPARTMENT OF STATE, | ) |  |
| Defendant. | ) |  |

ROBERT VENETUCCI, Plaintiff herein, appearing pro se, brings this action

claiming violations of Title 18 U.S.C. Sections 3181, 3184, 3186, 3189 and 3190;

the Treaty on Extradition between the United States of America and Italy entered

into force March 11, 1975; the Extradition Treaty between the United States

of America and Italy entered into force September 24, 1984; and Plaintiff's

rights pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments

of the Constitution of the United States of America.

Plaintiff seeks hereby a declaratory judgment that detention, trial and

punishment for charges beyond the charge approved by this Court are void ab

initio.

### JURISDICTION

1. This Court, the Honorable Judge I. Leo Glasser presiding, held Plaintiff's

extradition hearing reported at 584 F.Supp. 1437(1984) dated May 3, 1984,

("Hearing"), and has jurisdiction to provide the relief sought in this Complaint

pursuant to Title 28 U.S.C. Section 1331.

2. Plaintiff has been a citizen of the United States of America from his birth

on May 20, 1920. Plaintiff is presently 84 years old. Following his release,

Plaintiff intends to live in Ronkonkoma, Long Island, New York, with his daughter.

Plaintiff lived on Long Island prior to his extradition. Long Island is in the

Eastern District.

--2--

## THE HEARING

3. This Court made a statement of the principles applicable to an extradition hearing. The listing of such principles was prefaced by the words "...the court must determine". Hearing at 1445.

4. This Court found that the request for the extradition of Plaintiff was made in accordance with Article XI of the Treaty of Extradition between the Untited States of America and Italy entered into force March 11, 1975. Hearing at 1445.

5. This Court found that an "examination of the documents submitted by the Republic of Italy reveals that these requirements (of Article XI) have been satisfied. See also 18 U.S.C. Section 3190." Hearing at 1445.

6. This Court found that the "Republic of Italy has charged Robert Venetucci with the crimes of extortion and conspiracy to commit the same" and these crimes "are extraditable under the Treaty". Hearing at 1447.

7. This Court futher found "that there is probable cause to believe that Robert Venetucci committed the crimes of extortion and conspiracy to commit the same, and his motion to dismiss the complaint against him is denied". Hearing at 1452.

8. This Court then ruled "Accordingly, the request of the Republic of Italy for the extradition of... Robert Venetucci is granted. Article V Treaty." Hearing at 1452.

9. Judge Glasser certified Plaintiff as extraditable for the crimes of extortion and conspiracy to commit extortion.

10. By document, Exhibit "A", dated August 18, 1984, that referenced Judge Glasser's hearing and findings, signed by the Deputy Secretary of State and bearing the seal of the United States Department of State, the United States Marshal for the Eastern District of New York was instructed to deliver Plaintiff to the Government of Italy to be tried for the aforementioned crimes.

-3-

11. The document stated that the extradition requisition was "in conformity with the provision of _existing_ treaty stipulations between the United States of America and Italy" (emphasis added).

12. The document further stated that commitment was "pursuant to the provisions of _said treaty_ stipulations" (emphasis added).

13. Plaintiff was extradited from the United States of America to Italy on Labor Day, 1984.

### DEPARTMENT OF STATE'S VIOLATION OF

### EXTRADITION LAWS AND PLAINTIFF'S CONSTITUTIONAL RIGHTS

14. By document dated January 2, 1985 Exhibit "B", the United States Department of State consented "to the trial in Italy of Mr. Venetucci on the additional charge of complicity in premeditated murder ("Additional Charge").

15. The Department of State did not consent to additional _punishment_ or detention, merely trial.

16. Such document states that the Embassy of Italy was:

> requesting the consent of the United States Government,
> pursuant to Article XVI (1)(c) of the 1983 Extradition
> Treaty in force between the United States and Italy,
> to _try_ Robert Venetucci on the additional charge
> of complicity in premeditated murder. Mr. Venetucci
> was extradited in August 1984 to stand trial on
> charges of extortion and conspiracy to commit extortion
> (emphasis added).

17. The "1983 Extradition Treaty" referred to above was not entered into force until September 24, 1984.

18. The date of the murder in which Plaintiff's complicity is alleged was July 11, 1979.

19. No judge or magistrate held a hearing, public or otherwise, regarding the Additional Charge.

-4-

20. Absence of a public hearing was in violation of Title 18 U.S.C. Sections 3184, 3189 and 3190.

21. No judge or magistrate certified that Plaintiff was extraditable for the Additional Charge.

22. Absence of such certification was in violation of Title 18 U.S.C. Sections 3181 and 3184.

23. Neither the Department of State nor its agent had jurisdiction to consent to Plaintiff's trial on the Additional Charge absent such required certification.

24. Consent to Plaintiff's trial on the Additional Charge, through application of the "new" treaty, violated Plaintiff's rights pursuant to the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. Use of the "new" treaty was prejudicial to Plaintiff.

25. Following the Department of State's unauthorized consent to trial on the Additional Charge, Italy added yet further charges ("Further Charges") on which Plaintiff was detained, tried, convicted and sentenced. Such Further Charges included participation in aggravated private violence. Such crime had different elements from the "certified charge" and the Additional Charge.

26. The above actions were not only violations of the enumerated sections of the extradition statutes, but were violations of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights of Plaintiff.

27. Absent the unlawful Additional Charge and Further Charges, Plaintiff's term of imprisonment would have ended prior to the date hereof.

### RELIEF REQUESTED

Plaintiff respectfully requests that the detention, conviction and punishment for the Additional Crimes and Further Crimes be declared void ab initio, and for other relief that this Court considers appropriate.

-5-

Respectfully submitted,

April 19, 2005

*Robert Venetucci*

Robert Venetucci
05108-000
Federal Medical Center
PMB 4000
Rochester,  MN   55903-4000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Complaint was served upon Defendant by deposit of a copy thereof in the U.S. mail, first class postage prepaid, addressed to:

Department of State
2201 C Street N.W.
Washington D.C. 20520-0001

*april 19-05*      *Robert Venetucci*

## Exhibit "A"

*To all to whom these Presents shall come, Greeting:*

*Whereas,* _____His Excellency Rinaldo Petrignani_____

_____

_____

*accredited to this Government, has made requisition in conformity with the provisions*

*of existing treaty stipulations between the United States of America and* ___Italy___

_____

*for the mutual delivery of criminals, fugitives from justice in certain cases, for the delivery*

*up of* _____Robert Venetucci_____

_____ *charged with the crime* of ___extortion and conspiracy___

___to commit extortion___ _____ *committed*

*within the jurisdiction of* ___Italy___

  *And Whereas, The said* ___Robert Venetucci has___

_____

*been found within the jurisdiction of the United States and* ___has___ *by proper*

*authority and due form of law, been brought before* District Judge I. Leo Glasser of

the United States District Court for the Eastern District of New York

*for examination upon said charge of* ___extortion and conspiracy to commit___

extortion

  *And Whereas, The said* ___District Judge I. Leo Glasser___



Exhibit **A**

PROGRESS 20-4

Exhibit "B"

The Department of State refers to Notes No. 8143 of September 17, 1984 and No. 9267 of October 17, 1984, of the Embassy of Italy requesting the consent of the United States Government, pursuant to Article XVI(1)(c) of the 1983 Extradition Treaty in force between the United States and Italy, to try Robert Venetucci on the additional charge of complicity in premeditated murder. Mr. Venetucci was extradited from the United States to Italy in August 1984 to stand trial on charges of extortion and conspiracy to commit extortion.

The Department informs the Embassy that the United States Government consents to the trial in Italy of Mr. Venetucci on the additional charge of complicity in premeditated murder.

Department of State,
Washington,

Drafted: L/LEI:LJLink
1/2/85

APPROVED: D:KWDam

Clearances: L/LEI:AMSurena
            EUR/WE:DTLongo (subs)
            S/S-S:JCAlba

Robert Venetucci

is sufficient in law to justify _____ his _____ commitment upon the said charges,

and has, therefore, ordered that the said _____ Robert Venetucci _____

be committed pursuant to the provisions of said treaty stipulations.

**Now, Therefore,** Pursuant to the provisions of Section 3184, Title 18, United

States Code, These Presents are to require the United States Marshal for the _____

_____ Eastern District of New York _____, or any other

public officer or person having charge or custody of the aforesaid Robert Venetucci

_____ to surrender

and deliver _____ him _____ up to such person or persons as may be duly authorized by

the Government of _____ Italy _____ to receive the said

_____ Robert Venetucci _____

_____ to be tried for the crimes of which _____ he is _____

so accused.

**In Testimony Whereof,** I have hereunto signed my name and caused the Seal

of the Department of State to be affixed.

Done at the City of Washington, this _____ 18th _____ day

of _____ August _____, A. D. 19 84, and of the

Independence of the United States of America the

_____ 209th _____

Deputy Secretary of State.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT VENETUCCI,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE,<br>    Defendant. | No. CV 05 2174<br><br>AMENDED COMPLAINT FOR VIOLATION<br>OF EXTRADITION LAWS AND PLAINTIFF'S<br>CONSTITUTIONAL RIGHTS |

RECEIVED
MAY 3 1 2005
PRO SE OFFICE

## INTRODUCTION

ROBERT VENETUCCI, Plaintiff herein, appearing pro se, brings this Amended Complaint pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, or any other Rule or Statute considered applicable by this Court, claiming violation of: Title 18 U.S.C. Sections 3181,3184,3186,3189,3190 and 3282; the Treaty on Extradition between the United States of America and Italy entered into force March 11, 1975; the Extradition Treaty between the United States of America and Italy entered into force September 24, 1984; and Plaintiff's rights pursuant to the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States of America.

Plaintiff's Original Complaint was filed on May 04  , 2005. Plaintiff seeks hereby a declaratory judgment that detention, trial and punishment for charges beyond the charge approved by this Court are void ab initio.

## THIS PRO SE COMPLAINT SHOULD BE REVIEWED
### FOR ANY THEORY OF RELIEF

Plaintiff submits that he is unskilled in the science of American Jurisprudence and seeks relief as a pro se litigant. What little he knows is through empirical application of information obtained by Plaintiff from books in the prison library. As a pro se litigant, Plaintiff requests this Court hold his Amended Complaint "to less stringent standards than formal

-2-

pleadings drafted by lawyers." Haines v Kerner 404 U.S. 519, 520, 30 L.

Ed. 2d 652, 654, 92 S. Ct. 594 (1972), quoted in Iwachiw v New York State

Dept. of Motor Vehicles 396 F. 3d (2nd Cir. 2005).

The Supreme Court had previously held in U.S. v Morgan 346 U.S. 502,

505 n3, 74 S.Ct. 247, 249, 98 L. Ed. 248:

> The Court viewed a motion... with the expressed goal
> of judging the papers by the single statutory test
> of whether facts are alleged that entitle the applicant
> to relief.

Plaintiff requests that his Amended Complaint be reviewed similarly

as to its substance rather than its form or characterization.

In the event that this Court regards Plaintiff's Amended Complaint

as a "collateral attack", Plaintiff requests that his request for relief

be reviewed "with a lenient eye, allowing borderline cases to proceed."

Williams v Kullman, 722 F. 2d 1048, 1050 (2nd Cir. 1983), quoted in Fleming

v U.S. 146 F. 3d 88 (2nd Cir. 1998).

### JURISDICTION

1. This Court, the Honorable Judge I. Leo Glasser presiding, held

Plaintiff's extradition hearing reported at 584 F.Supp. 1437 (1984) dated

May 3, 1984, ("Hearing").

2. Based on Judge Glasser's certification, Plaintiff was extradited

to Italy on Labor Day 1984. Plaintiff was transferred to the United States

in March 1998 and is serving the balance of his sentence at the Federal

Medical Center, Rochester, Minnesota.

3. Filing in this District is consistent with Supreme Court precedent

and the law of the Second Circuit. The Supreme Court has held that:

-3-

> habeas corpus is available only to inquire whether
> the magistrate had jurisdiction, whether the offence
> charged is within the treaty and, by a somewhat liberal
> extension, whether there was any evidence warranting
> the finding that there was reasonable ground to believe
> the accused guilty. Fernandez v Phillips, 268 U.S.
> 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925) (Holmes,
> J.).

The Amended Complaint raises none of the issues listed in such opinion,
therefore habeas corpus in Plaintiff's district of incarceration is not
available to resolve the issues herein.

4. This Court has jurisdiction to hear this Complaint and to grant
the relief sought pursuant to Title 28 U.S.C. Section 1331.

5. Plaintiff has been a citizen of the United States of America from
his birth on May 20, 1920. Plaintiff is presently 84 years old. Following
his release, Plaintiff intends to live in Ronkonkoma, Long Island, New
York, with his daughter. Plaintiff lived on Long Island prior to his extradition.
Long Island is in the Eastern District.

### THE HEARING

6. This Court made a statement of the principles applicable to an
extradition hearing. The listing of such principles was prefaced by the
words "... the court must determine". Hearing at 1445.

7. This Court found that the request for the extradition of Plaintiff
was made in accordance with Article XI of the Treaty of Extradition between
the United States of America and Italy entered into force March 11, 1975.
Hearing at 1445.

-4-

8. This Court found that an "examination of the documents submitted by the Republic of Italy reveals that these requirements (of Article XI) have been satisfied. See also 18 U.S.C. Section 3190." Hearing at 1445.

9. This Court found that the "Republic of Italy has charged Robert Venetucci with the crimes of extortion and conspiracy to commit the same" and these crimes "are extraditable under the Treaty". Hearing at 1447.

10. In finding that the Treaty's "requirement of 'double criminality' is satisfied", this Court exercised its right to evoke New York State law instead of Federal law. Hearing at 1447.

11. This Court further found "that there is probable cause to believe that Robert Venetucci committed the crimes of extortion and conspiracy to commit the same, and his motion to dismiss the complaint against him is denied". Hearing at 1452.

12. This Court then ruled "Accordingly, the request of the Republic of Italy for the extradition of... Robert Venetucci is granted. Article V Treaty." Hearing at 1452.

13. Judge Glasser certified Plaintiff as extraditable for the crimes of extortion and conspiracy to commit extortion.

14. The party requesting Plaintiff's extradition did not object to, or appeal, the extradition Hearing's procedures or findings including,

-5-

but not limited to, this Court evoking New York State law.

15. New York State law contained no death penalty in July 1979, therefore contained no "capital offenses" at such time.

16. By document, Exhibit "A", dated August 18, 1984, that referenced Judge Glasser's hearing and findings, signed by the Deputy Secretary of State and bearing the seal of the United States Department of State, the United States Marshal for the Eastern District of New York was instructed to deliver Plaintiff to the Government of Italy to be tried for the aforementioned crimes.

17. The document stated that the extradition requisition was "in conformity with the provision of existing treaty stipulations between the United States of America and Italy" (emphasis added).

18. The document further stated that commitment was "pursuant to the provisions of said treaty stipulations" (emphasis added).

19. Plaintiff was extradited from the United States of America to Italy on Labor Day, 1984.

## DEPARTMENT OF STATE'S VIOLATION OF
## EXTRADITION LAWS AND PLAINTIFF'S CONSTITUTIONAL RIGHTS

20. By document dated January 2, 1985 Exhibit "B", the United

-6-

States Department of State consented "to the trial in Italy of Mr.

Venetucci on the additional charge of complicity in premeditated

murder ("Additional Charge").


21. The Department of State did not consent to additional

punishment or detention, merely trial.


22. Such document states that the Embassy of Italy was:

> requesting the consent of the United States Government,
> pursuant to Article XVI (1)(c) of the 1983 Extradition
> Treaty in force between the Untied States and Italy, to
> try Robert Venetucci on the additional charge of
> complicity in premeditated murder. Mr. Venetucci was
> extradited in August 1984 to stand trial on charges of
> extortion and conspiracy to commit extortion (emphasis
> added).

23. The "1983 Extradition Treaty" referred to above was not

entered into force until September 24, 1984.


24. The date of the murder in which Plaintiff's complicity is

alleged was July 11, 1979.


25. Title 18 U.S.C. Section 3282 provides that "no person shall

be prosecuted, tried, or punished for any offense, not capital, unless

the indictment is found or the information is instituted within five

years next after such offense shall have been committed".


26. The Republic of Italy charged Plaintiff with the crime of

complicity on premeditated murder more than five years after July

1979.

-7-

27. No judge or magistrate held a hearing, public or otherwise, regarding the Additional Charge.

28. Absence of a public hearing was in violation of Title 18 U.S.C. Sections 3184, 3189 and 3190.

29. No judge or magistrate certified that Plaintiff was extraditable for the Additional Charge.

30. Absence of such certification was in violation of Title 18 U.S.C. Sections 3181 and 3184.

31. Neither the Department of State nor its agent had jurisdiction to consent to Plaintiff's trial on the Additional Charge absent such required certification.

32. Consent to Plaintiff's trial on the Additional Charge, through application of the "new" treaty, violated Plaintiff's rights pursuant to the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. Use of the "new" treaty was prejudicial to Plaintiff.

33. Following the Department of State's unauthorized consent to trial on the Additional Charge, Italy added yet further charges ("Further Charges") on which Plaintiff was detained, tried, convicted and sentenced. Such Further Charges included participation in aggravated private

-8-

violence. Such crimes had different elements from the "certified charge" and the Additional Charge.

34. The above actions were not only violations of the enumerated sections of the extradition statutes, but were violations of the Fourth, Fifth, Sixth, Eight and Fourteenth Amendment rights of Plaintiff.

35. Absent the unlawful Additional Charge and Further Charges, Plaintiff's term of imprisonment would have ended prior to the date hereof.

### RELIEF REQUESTED

Plaintiff respectfully requests that the detention, conviction and punishment for the Additional Charge and Further Charges be declared void ab initio, and for other relief that this Court considers appropriate.

Respectfully submitted,

May 23, 2005

Robert Venetucci
05108-000
Federal Medical Center
PMB 4000
Rochester,  MN   55903-4000

Department of State

# Exhibit "A"

To all to whom these Presents shall come, Greeting:

Whereas, _____ His Excellency Rinaldo Petrignani _____

_____

_____

accredited to this Government, has made requisition in conformity with the provisions

of existing treaty stipulations between the United States of America and _____ Italy _____

_____

for the mutual delivery of criminals, fugitives from justice in certain cases, for the delivery

up of _____ Robert Venetucci _____

_____ charged with the crimes of _____ extortion and conspiracy

_____ to commit extortion _____                                    committed

within the jurisdiction of _____ Italy _____

And Whereas, The said _____ Robert Venetucci has _____

_____

been found within the jurisdiction of the United States and _____ has _____ by proper

authority and due form of law, been brought before _____ District Judge I. Leo Glasser of

the United States District Court for the Eastern District of New York _____

for examination upon said charges of _____ extortion and conspiracy to commit

extortion _____

And Whereas, The said _____ District Judge I. Leo Glasser _____

Exhibit **A**

Robert Venetucci

is sufficient in law to justify _____his_____ commitment upon the said charges,

and has, therefore, ordered that the said _____Robert Venetucci_____

be committed pursuant to the provisions of said treaty stipulations.

**Now, Therefore,** Pursuant to the provisions of Section 3184, Title 18, United

States Code, These Presents are to require the United States Marshal for the _____

_____Eastern District of New York_____ or any other

public officer or person having charge or custody of the aforesaid _____Robert Venetucci_____

_____, to surrender

and deliver _____him_____ up to such person or persons as may be duly authorized by

the Government of _____Italy_____ to receive the said

_____Robert Venetucci_____

_____ to be tried for the crimes of which _____he is_____

so accused.

**In Testimony Whereof,** I have hereunto signed my name and caused the Seal

of the Department of State to be affixed.

Done at the City of Washington, this _____18th_____ day

of _____August_____, A. D. 19 84 , and of the

Independence of the United States of America the

_____209th_____

_Deputy_ Secretary of State.

Exhibit "B"

The Department of State refers to Notes No. 8143 of September 17, 1984 and No. 9267 of October 17, 1984, of the Embassy of Italy requesting the consent of the United States Government, pursuant to Article XVI(1)(c) of the 1983 Extradition Treaty in force between the United States and Italy, to try Robert Venetucci on the additional charge of complicity in premeditated murder. Mr. Venetucci was extradited from the United States to Italy in August 1984 to stand trial on charges of extortion and conspiracy to commit extortion.

The Department informs the Embassy that the United States Government consents to the trial in Italy of Mr. Venetucci on the additional charge of complicity in premeditated murder.

Department of State,
    Washington,

Drafted: L/LEI:LJLink
1/2/85

APPROVED: D:KWDam

Clearances: L/LEI:AMSurena
            EUR/WE:DTLongo (subs)
            S/S-S:JGAlba

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ROBERT VENETUCCI,                           :

                       Plaintiff,           :

        -against-                           :        **MEMORANDUM AND ORDER**

DEPARTMENT OF STATE,                        :        05-CV-2174 (ARR)

                       Defendant.           :
------------------------------------------------------x
ROSS, United States District Judge.

        Plaintiff Robert Venetucci, a federal inmate who was extradited to, and convicted in, Italy

and who subsequently agreed, as a condition of his voluntary transfer to a United States prison,

that any legal proceeding challenging his conviction or sentence had to be brought in Italy, brings

this pro se action seeking a declaratory judgment vacating his conviction and life sentence.

Although plaintiff has paid the filing fee, this action is nonetheless dismissed for the reasons set

forth below.

Background

        On September 27, 1983, an Italian judge issued a warrant for plaintiff's arrest on charges

of extortion and conspiracy to commit extortion. See Matter of Sindona, 584 F.Supp. 1437,

1446, 1447 (E.D.N.Y. 1984). On May 3, 1984, Judge Glasser granted Italy's request for

extradition, finding, inter alia, that the offenses with which plaintiff was charged were

extraditable and that the requirements of "double criminality" were satisfied. Id. at 1452.

        Shortly after plaintiff's extradition to Italy, the Italian Government requested the consent

of the United States, pursuant to Article XVI(1)(c) of the 1983 Extradition Treaty between the

United States and Italy, to try plaintiff on the additional charge of complicity in premeditated

murder. Amended Complaint, ¶¶ 20, 22. The United States Government consented, and that

consent was communicated to the Italian Embassy by the United States Department of State on January 2, 1985. Id., Ex. B. In 1986, plaintiff was convicted in Italy of both murder and aggravated extortion and sentenced to life imprisonment. See Ventucci v. LeBlanc, No. Civ. 03-944 ADM/AJB, 2003 WL 24013824, at *1 (D.Minn. Apr. 10, 2003).

In 1997, plaintiff requested a transfer to the United States. Id. At a hearing held pursuant to 18 U.S.C. § 4108, plaintiff verified his consent to the transfer and agreed, both orally and in writing, that any legal proceedings challenging his conviction or sentence had to be brought in Italy. Ventucci v. Reese, 46 Fed. Appx. 381, 382, 2002 WL 31016425, at *1 (8th Cir. 2002). In March 1998, plaintiff was transferred to the United States, and is currently incarcerated at the Federal Medical Center in Rochester, Minnesota.

Plaintiff's Prior Petitions for a Writ of Habeas Corpus

Notwithstanding his agreement not to challenge his Italian conviction and sentence in United States courts, plaintiff filed at least three petitions for a writ of habeas corpus in the United States District Court for the District of Minnesota following his return to the United States. In October 1998, plaintiff filed a petition pursuant to 28 U.S.C. § 2241, asserting "that his sentence was illegal because the United States had no right under the Constitution to detain him ... [and] that the transfer treaty between Italy and the United States was 'defective and illegal.'" Ventucci v. LeBlanc, 2003 WL 24013824, at *1. Magistrate Judge John Mason addressed that petition on the merits and recommended that it be dismissed, finding that plaintiff's "request to transfer to the United States was made 'knowingly and understandingly' and was 'wholly voluntary.'" Id. That recommendation was adopted by District Judge Ann Montgomery and the petition was dismissed with prejudice on August 17, 1999. Id.

In June 2001, plaintiff filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, raising issues which appear quite similar to issues being raised herein. In that petition, plaintiff argued, inter alia, "that the additional charge of complicity to commit murder was presented against him in Italy in violation of due process, the Ex Post Facto Clause and treaties between Italy and the United States." Id. at *2. Magistrate Judge Mason again recommended that the petition be dismissed, this time on the ground that plaintiff had failed to make the showing necessary for the court to consider a second and successive petition. Id. Judge Montgomery again adopted the Magistrate Judge's Report and Recommendation, and dismissed the petition with prejudice on February 12, 2002. Id.

Plaintiff then appealed to the Eighth Circuit Court of Appeals, which declined to reach the successiveness issue. Rather, the Eighth Circuit addressed the merits of plaintiff's petition and held that his challenge to his continued incarceration was foreclosed by his agreement to challenge his conviction and sentence only in Italy. See Venetucci v. Reese, 46 Fed. Appx. at 382, 2002 WL 31016425, at *1. Noting that such agreements were consistent with federal law and rejecting plaintiff's claim that his consent to transfer was not voluntary, the Eighth Circuit concluded that "the record plainly demonstrates that the claim is without merit." Id.

On January 29, 2003 – less than four months after the Eighth Circuit dismissed his second habeas petition – plaintiff filed a third action, asserting that his consent to the transfer had not been made knowingly. Although plaintiff argued that "his claims [were] separate and independent from habeas corpus," Magistrate Judge Arthur J. Boylan rejected this argument, stating that in order to obtain relief, plaintiff "must petition for a writ of habeas corpus." Ventucci v. LeBlanc, 2003 WL 24013824, at *4-*5. Magistrate Judge Boylan analyzed the

3

submission under both the "second and successive" restriction of the Anti-Terrorism and

Effective Death Penalty Act of 1996 (the "AEDPA") and the common law abuse of writ

principles and recommended that the petition be dismissed with prejudice.  Magistrate Judge

Boylan's Report and Recommendation was adopted by Judge Montgomery, who noted that,

regardless of whether plaintiff's submission was reviewed "as a § 2241 petition, or ... a § 3244

All Writs Act petition," the issues plaintiff sought to raise had "been previously considered and

rejected by both the District Court and the Eighth Circuit Court of Appeals." Ventucci v.

LeBlanc, No. Civ. 03-944 ADM/AJB, 2003 WL 21057066, at *2 (D.Minn. May 9, 2003).

Plaintiff's Complaint and Amended Complaint

In April 2005, plaintiff commenced this action, alleging that defendant Department of

State violated various sections of Title 18 of the United States Code, two extradition treaties

between the United States and Italy and plaintiff's Constitutional rights by communicating the

United States Government's consent to have Italy try plaintiff on the murder charge.  Plaintiff's

complaint contended that the consent to "try" plaintiff was "not consent to ... punishment or

detention," Complaint, ¶ 15 (emphasis omitted); that the 1983 Extradition Treaty was

inapplicable because the murder allegedly occurred prior to its enactment and that the use of this

treaty was not only "prejudicial to [p]laintiff" but violated "the Ex Post Facto Clause," id. at

¶¶ 17-18, 24; that defendant's "consent" was unauthorized because no judicial officer had

certified that plaintiff was extraditable for the murder charge, id. at ¶¶ 21-23; that Italy

subsequently added further charges  (such as participation in aggravated private violence) on

which plaintiff was never extradited and to which defendant never consented, id. at ¶ 25 and that,

"[a]bsent the unlawful Additional Charge and Further Charges, Plaintiff's term of imprisonment

4

would have [already] ended ...." Id. at ¶ 27.  The only relief plaintiff sought was an order

declaring "the detention, conviction and punishment for the Additional Crimes and Further

Crimes ... void ab initio." Id. at p. 4.

Plaintiff's complaint made no mention of the lengthy procedural history of his case.

Moreover, although plaintiff provided an address at the Federal Medical Center in Rochester,

Minnesota, plaintiff did not make any allegations concerning the place of his incarceration.

Plaintiff, who certified that he had served the Department of State at a Washington, D.C.,

address, also did not explain why he was bringing this action in this district.

In late May 2005, plaintiff filed an amended complaint, which requested the same relief

and contained most of the same factual allegations as the original complaint.  However, the

amended complaint added two new arguments: (1) that his prosecution on the murder charges

was prohibited by the five-year statute of limitations set forth in 18 U.S.C. § 3282, Amended

Complaint, ¶¶ 24-26, and (2) that Judge Glasser had applied "New York State law instead of

Federal law" in determining that the requirements of "double criminality" were satisfied. Id. at

¶ 10.

The amended complaint also included several new jurisdictional allegations.  First, the

amended complaint expressly alleged that plaintiff was "serving ... his sentence at the Federal

Medical Center, Rochester, Minnesota." Id. at ¶ 2.  Second, the amended complaint attempted to

explain why this action was being brought in this district, asserting that, "Filing in this District is

consistent with Supreme Court precedent and the law of the Second Circuit." Id. at ¶ 3.  The

amended complaint did not cite to any Second Circuit cases, but quoted a 1925 Supreme Court

case for the proposition that habeas corpus relief was not available in extradition proceedings,

except "to inquire whether the magistrate had jurisdiction, whether the offense charged is within the [extradition] treaty and ... whether there was any evidence warranting the finding that there was a reasonable ground to believe the accused guilty." Id. (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)). The amended complaint then concluded:

> The Amended Complaint raises none of the issues listed in such opinion, therefore habeas corpus in Plaintiff's district of incarceration is not available to resolve the issues herein.

Id. As in the original complaint, the amended complaint did not mention the three unsuccessful petitions for writs of habeas corpus that plaintiff had already filed by that juncture.

Discussion

When a plaintiff is proceeding pro se, the complaint must be read liberally and interpreted as raising the strongest argument it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

If it is apparent that an action is frivolous, however, a court may sua sponte dismiss a pro se complaint even if the plaintiff has paid the filing fee to initiate the action. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, inter alia, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). Thus, if it appears from the complaint that the court lacks subject matter jurisdiction, the fact that the plaintiff "pa[id] the required fee does not

6

insulate the complaint from sua sponte dismissal for lack of subject matter jurisdiction." Jones v. Langston, No. 04-CV-6082T (FE), 2004 WL 1083242, at *2 (W.D.N.Y. May 5, 2004). Moreover, courts have an independent obligation to examine the basis of their jurisdiction, see FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and must dismiss a case whenever it appears that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In this case, it is apparent from the complaint that this Court lacks subject matter jurisdiction. Plaintiff has taken great pains to present this a declaratory judgment action, but the relief plaintiff seeks – the vacating of his conviction and his immediate release from custody – falls "squarely within [the] traditional scope of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Ordinarily, "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed. R. Civ. P. 57. However, when the alternative remedy was expressly created by statute to provide the relief sought, a declaratory judgment should not be granted. See Perez v. Ledesma, 401 U.S. 82, 123 (1971) (Brennan, J., concurring and dissenting on other grounds); see also Katzenbach v. McClung, 379 U.S. 294, 296 (1964) (declaratory relief "should not be granted where a special statutory proceeding has been provided").

The habeas provisions in 28 U.S.C. §§ 2241 and 2255 set forth special statutory proceedings which enable a person in federal custody to launch a collateral attack on his or her conviction, sentence and incarceration. Therefore, it is well settled that "declaratory relief will not be used to attack a criminal conviction if the writ of habeas corpus or a motion to vacate under [28 U.S.C. § 2255] is available." Wright & Miller, Fed. Practice and Procedure, § 2758 (1998). This rule, like case law prohibiting a state prisoner from using an action pursuant to 42 U.S.C. § 1983 to challenge "the fact or duration of his confinement," see Wilkinson v. Dotson,

___U.S.___, 125 S.Ct. 1242, 1245 (2005) (citing <u>Preiser</u>, 411 U.S. at 489), is necessary to

prevent prisoners from circumventing the elaborate procedural requirements that apply to habeas

cases.

This rule has been applied in situations similar to this case in this and other Circuits. For

example, in <u>LoBue v. Christopher</u>, 82 F.3d 1081 (D.C. Cir. 1996), the Court of Appeals for the

District of Columbia Circuit held that a district court in that Circuit lacked subject matter

jurisdiction over a declaratory judgment action in which federal detainees in Illinois, facing

extradition to Canada, sought to challenge the constitutionality of the federal extradition statutes.

The Government challenged the suit on grounds of comity, asserting that the plaintiffs had

already filed a habeas petition raising the same issues in the Northern District of Illinois. The

Circuit Court rejected that argument, stating:

> [C]omity is not really the issue; the key to plaintiffs' inability to
> pursue a suit here is jurisdictional, and it rests merely on the
> availability – not the actual seeking – of habeas relief elsewhere.

<u>Id.</u> at 1082. The Circuit Court reasoned that because the plaintiffs could challenge the

constitutionality of the extradition statute though a petition for a writ of corpus in the Northern

District of Illinois, "the District of Columbia district court ... lacked subject matter jurisdiction to

hear [the plaintiffs'] declaratory judgment action." <u>Id.</u>

In this Circuit, several district courts have relied on the same rationale, albeit in cases that

are not as similar to the instant case as <u>LoBue</u>. In <u>Goodwin v. Hammock</u>, 502 F.Supp. 756

(S.D.N.Y. 1981), for example, the Southern District held that a prisoner whose release from, and

participation in programs at, the federal penitentiary in Marion, Illinois, was affected by a

detainer warrant filed by the New York State Division of Parole could not seek a declaratory

judgment entitling him to an immediate hearing to determine the validity of that warrant. The

8

Court ruled that the plaintiff could have challenged the detainer upon a writ of habeas corpus under 28 U.S.C. § 2254, and that declaratory relief was unavailable because "[a] declaratory judgment may not be used as a vehicle for circumventing the prerequisites for issuance of a writ of habeas corpus." Id. at 759. Similarly, in Clausell v. Turner, 295 F.Supp. 533 (S.D.N.Y. 1969), and Mowers v. United States Attorney General, 297 F.Supp. 535 (S.D.N.Y. 1969), the Southern District held that federal prisoners could not challenge their criminal convictions in actions pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

Plaintiff seeks to avoid the application of this rule to this case by contending that "habeas corpus in Plaintiff's district of incarceration is not available to resolve the issues" raised in this action. Amended Complaint, ¶ 3. This claim is belied by the procedural history of the case, any mention of which is conspicuously absent from plaintiff's pleadings. As chronicled in detail above, plaintiff has already filed three separate habeas petitions in the United States District Court for the District of Minnesota. The first petition was denied on the merits and dismissed by the District Court. Ventucci v. LeBlanc, 2003 WL 24013824. The second petition, which raised issues very similar to some of the issues being raised herein, was denied on the merits and dismissed by the Eighth Circuit Court of Appeals. Ventucci v. Reese, 46 Fed. Appx. 381, 2002 WL 31016425. The third petition was denied on procedural grounds, since the issues plaintiff sought to raise had "been previously considered and rejected by both the District Court and the Eighth Circuit Court of Appeals." Ventucci v. LeBlanc, 2003 WL 21057066, at *2 . In light of this history, it may well be true that habeas corpus is no longer available to plaintiff, but only because any future petition, like the one in Ventucci v. LeBlanc, 2003 WL 21057066, would be procedurally barred as "second and successive" or as an abuse of the writ.

9

While this Court recognizes that pro se complaints must be construed liberally, see McEachin, 357 F.3d at 200; Burgos, 14 F.3d at 790, it declines to construe plaintiff's pleadings as a petition for a writ of habeas corpus and to transfer the case in the interest of justice. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). In light of the procedural history of this case, it would be utterly futile to do so.

Conclusion

For the reasons set forth above, this action is dismissed because this Court lacks subject matter jurisdiction. See LoBue, 82 F.3d 1081; Fed. R. Civ. P. 12(h)(3). Moreover, this action is frivolous. See Fitzgerald, 221 F.3d at 363-64.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
June 21    , 2005

10

*EDNY/BKNY*
*05-cv-2174*
*Ross*

**MANDATE**

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 2nd day of March, Two thousand and six.

PRESENT:

      HON. PIERRE N. LEVAL,
      HON. ROBERT A. KATZMANN,[*]
         *Circuit Judges.*

*[Stamp: UNITED STATES COURT OF APPEALS FILED MAR - 2 2006 Roseann B. MacKechnie, Clerk SECOND CIRCUIT]*

---

ROBERT VENETUCCI,

        *Plaintiff-Appellant,*

         v.              05-3957-cv

DEPARTMENT OF STATE,

        *Defendant-Appellee.*

---

FOR PETITIONER:      Robert Venetucci, *pro se*, Rochester, Minnesota.

FOR RESPONDENT:     Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (on the brief), Varuni Nelson and Sarah Lum, Assistant United States Attorneys, Brooklyn, New York (of counsel).

Plaintiff-appellant Robert Venetucci, *pro se*, asks that we reverse the *sua sponte* dismissal by the United States District Court for the Eastern District of New York (Ross, *J.*) of his amended

---

[*] The Honorable Reena Raggi was originally a member of this panel but recused herself from consideration of this appeal. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Local Rule § 0.14.

**ISSUED AS MANDATE: 2/7/07**

complaint for lack of subject matter jurisdiction.  We assume the parties' familiarity with the facts.

Both the United States and Italy adhere to the Convention on the Transfer of Sentenced Persons (the "Strasbourg Convention"), under which prisoners may be transferred to their home countries for service of sentence.  *See* 35 U.S.T. 2867, Mar. 21, 1983, implemented at 18 U.S.C. §§ 4100-15.  Under the terms of the Strasbourg Convention, United States courts are prohibited from exercising jurisdiction over collateral attacks by offenders transferred from signatory states, including Italy, to the United States.  Pursuant to the Treaty, only Italy, as the "sentencing State," "shall have the right to decide on any application for review of the judgment."  Strasbourg Convention, art. XIII.  Moreover, the relevant implementing statute provides that "the country in which the offender was convicted shall have exclusive jurisdiction and competence over proceedings seeking to challenge, modify, or set aside convictions or sentences handed down by a court of such country."  18 U.S.C. § 3244(1).

Venetucci claims that the district court should have exercised jurisdiction over his complaint because he sought to challenge the State Department's January 1985 decision to permit his trial in Italy on the murder charge, and not attack his Italian murder conviction.  This allegation is belied by his requested relief for a "declaratory judgment that detention, trial and punishment" for the murder charge be declared "void ab initio."  Because Venetucci challenges neither the manner of execution of his sentence in the United States nor his transfer to the United States, *see* 18 U.S.C. §§ 3244(3), (5) (permitting an offender to bring such challenges in United States' courts subsequent to transfer), the district court lacked jurisdiction over his complaint.

We have considered all of the appellant's other arguments and conclude they are without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk

By: *Lucille Carr*

A TRUE COPY
Thomas W. Asreen, Acting Clerk

by
DEPUTY CLERK

2