IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

FEB **1 9** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ROBERT VENETUCCI,<br>    Planitiff, | )<br>)<br>) |
| v. | )<br>)   Case No. 07-cv-1521(RWR) |
| DEPARTMENT OF STATE,<br>    Defendant. | )<br>)<br>) |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### MOTION TO DISMISS

---

COMES NOW, Plaintiff, Robert Venetucci (herein after the Plaintiff), filing pro se, submits to this Honorable Court his response to Defendant's Motion to Dismiss. Plaintiff asks that liberal consideration in this Courts adjudication of this pleading be taken into account, for Plaintiff is a lay person and asks that his arguments be taken by this Court to imply and suggest the most favorable claims they appear to make. See HAINES v. KERNER, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972).

### POINT I

This Court retains jurisdiction in this case pursuant to 28 U.S.C. §1331. The jurisdiction in this case would be the sentencing or receiving district. The Plaintiff, upon return from Italy, was placed in the D.C. District, thereby making this Court the proper venue for this claim.

### POINT II

Plaintiff contends that the Defendant did not have jurisdiction to agree to Plaintiff being tried for a crime as it did not meet the requirment set forth in 18 U.S.C. §3184. The Defendant states, "As noted above, the District Court Judge who presided over Plaintiff's extradition hearing made all of the appropriate findings of fact". Those "findings of facts" delt with only the charge of extortion and conspiracy to commit extortion. Plaintiff was never brought before a judicial officer for a determination whether sufficient evidence exists to sustain the charge on which he is sought, complicity in premeditated murder. The Defendant quotes BERENGUER v. VANCE, 473 F. Supp. 1195 (D.D.C. 1975), "During an extradition hearing, the court must determine 'whether a valid extradition treaty exists between the United States and the requesting country, whether the offense charged is extraditable under the treaty, whether the person brought before the court is the one accused of the crime, and whether probable cause exists to believe that the defendant committed the offense'. See id (citation omitted)." (Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss at 9). The language stated above was installed and 18 U.S.C. §3184 was written to insure that United States citizens, such as the Plaintiff, are not tried on "trumped up" charges in a "kagaroo court" system, but that their right to a fair trial are some what preserved.

The Defendant states (at page 10) that, "Specifically, Article XV(3) of the Treaty of 1973 states in pertinent part as follows:

> A person extradited under the present Treaty shall not be detained, tried or punished in a territory of the requesting party for an offense other than that for which extradition has been

granted nor be extradited by that party to a third State unless:

. . .

3. The requesting party has <u>consented</u> to his detention, trial and punishment for an offense <u>other than</u> that for which extradition was granted, or to his extradition to a third State.

See <u>id.</u> (emphasis added)." The Plaintiff does not deny that the United States can consent to his detention, trial and punishment. His argument is that Article XV(3) of the Treaty <u>does not</u> give a specific name or office or branch that has the authority to give consent. Because the Article is vague as far as who has the authority to grant consent, the consent must default back to United States statute, specifically 18 U.S.C. §3184. Therefore, the Plaintiff has the right to review of the evidence by a judical officer to insure that "probable cause exists to believe that the defendant committed the offense". Article XVI(1)(c) of the Treaty of 1983 does not pertain to Plaintiff as that Treaty was not in affect as of the time of the crime, the original extradition nor the denial by the United States for Italy to question Plaintiff with regard to said murder.

## CONCLUSION

Article 14 of the Constitution of the United States protects the Plaintiff's right to Due Process. 18 U.S.C. §3184 protects his right to have a judicial officer review the evidence to insure that probable cause exists to believe that the defendant committed the offense prior to being tried in a foreign country.

Therefore, Plaintiff request that the <u>consent</u> given by the

State Department on the additional charge of complicity in pre-meditated murder be voided, thereby voiding the life sentence Plaintiff is currently serving. Plaintiff also request that he be released from prison and the Italian Government be notified of such action.

Respectfully submitted

February 14, 2008

*Robert Venetucci*

Robert Venetucci
05108-000
Federal Medical Center
PMB 4000
Rochester, MN  55903-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this fore-going instrument has been mailed postage prepaid on this 14th day of February, 2008, addressed to Karen L. Melnik, AUSA, 555 4th Street, N.W., Washington, D.C. 20530 by handing to the mailroom officer, FMC-rochester system for legal mail.

*Robert Venetucci*

Robert Venetucci