UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT VENETUCCI, ) | |
| ) | |
|     Pro se Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07cv1521 (RWR) |
| ) | |
| DEPARTMENT OF STATE, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

In Plaintiff's response to Defendant's Motion to Dismiss, he "contends that the Defendant did not have jurisdiction to agree to Plaintiff being tried for a crime as it did not meet the requirement [sic] set forth in 18 U.S.C. § 3184." See Plaintiff's Response to Defendant's Motion to Dismiss at 2. As noted in Defendant's opening motion, Plaintiff has filed three habeas corpus petitions in the United States District Court for the District of Minnesota raising the same issue. All three petitions were denied with prejudice. Moreover, in April 2005, Plaintiff filed a Complaint in the Eastern District of New York, raising the same claim presented here. The District Court Judge dismissed the action for lack of subject matter jurisdiction and because the action was frivolous. The Defendant submits that this Court should make the same findings and dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff also contends that Article XVI(1)(c) of the 1983 U.S.-Italy Extradition Treaty does not apply to Plaintiff as this Treaty was not in effect when his extradition was granted. See Plaintiff's Response to Defendant's Motion to Dismiss at 3. This is the very same issue that was considered and decided in Berenguer v. Vance, 473 F.Supp 1191, 1199 (D.D.C. 1979). In Berenguer, the plaintiff asserted that he was entitled to a hearing before a judicial court before the

Government could consent to the expansion of his extradition, and that such a hearing was mandated under 18 U.S.C. § 3184.  See Berenguer v. Vance, 473 F.Supp at 1198.  The Court determined that section 3184 makes a judicial hearing a prerequisite to an *initial* extradition, but that there is no authority in that law requiring a second hearing once extradition has been accomplished.  See id.

    Although Plaintiff's extradition was granted under the 1973 Treaty, the United States consented to his prosecution on the additional charge under the 1983 Extradition Treaty, which was in effect at the time Italy made its request for waiver of the rule of specialty.[1]  Additionally, as Defendant argued in its Motion to Dismiss, "because the rule of speciality is not a right of the accused but is a privilege of the asylum state . . . [plaintiff] has no standing to raise this issue." Kaiser v. Rutherford, 827 F.Supp. 832, 835 (D.D.C. 1993); Shapiro v. Ferrandina, 478 F.2d 894, 906 (2d Cir.) cert. dismissed, 414 U.S. 884 (1973).  Accordingly, because Plaintiff lacks standing to raise the speciality issue, his claims must be dismissed.

    Accordingly, because this Court lacks jurisdiction to hear Plaintiff's claim, and because Plaintiff fails to state a claim upon which relief may be granted, this Court should dismiss this case as frivolous with prejudice.

---

[1] Article XVI (1)(c) of the Treaty of 1983 states in pertinent part as follows:

> (1)  A person extradited under this Treaty may not be detained, tried or punished in the Requesting Party except for:
> . . .
>
> (c) an offense for which the Executive Authority of the United States or the competent authorities of Italy *consent* to the person's detention, trial or punishment. . . .

See id. (emphasis added).

February 29, 2008                                    Respectfully submitted,

                                            /s/
JEFFREY A. TAYLOR, D.C. Bar #498122
United States Attorney


                                            /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


                                            /s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant's Reply in Support of Motion to Dismiss, was sent via first class mail on the 29th day of February, 2008, to the following:

Mr. Robert Venetucci
05108-000
Federal Medical Center
PMB 4000
Rochester, MN 55903-4000

/s/
Karen L. Melnik
Assistant United States Attorney