## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT VENETUCCI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1521 (RWR)** |
| | ) | |
| **U.S. DEP'T OF STATE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM OPINION

Plaintiff Robert Venetucci filed this *pro se* complaint against the United States Department of State asking this Court to "cancel" a certain consent given in 1985 by the State Department. The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction, among other reasons. Because subject matter jurisdiction is lacking, the complaint will be dismissed.

### BACKGROUND

Venetucci is a prisoner at the Federal Medical Center in Rochester, Minnesota, serving a life sentence imposed by an Italian court. Venetucci was arrested in New York in 1983 on an extradition warrant issued in Italy reflecting charges of extortion and conspiracy pending against him in Italy. A United States magistrate judge held an extradition hearing, concluded that probable cause existed to believe that Venetucci had committed the charged crimes, made other findings as required by the governing treaty, and certified to the State Department that Venetucci was extraditable. The State Department then granted Italy's extradition request and Venetucci

was extradited in 1984.  Subsequently, the Italian government sought consent from the United

States government to try Venetucci for the additional charge of complicity in premeditated

murder.  In accord with the governing extradition treaty, which requires and permits such

consent, the State Department conveyed the consent of the Government of the United States.

(*See* Def.'s Mot. to Dismiss at 2, 10.)  In 1986, an Italian court tried and convicted Venetucci of

extortion and murder and sentenced him to life in prison.  Eleven years later, Venetucci requested

and was granted a transfer to the United States and agreed both orally and in writing, consistent

with federal law implementing the treaty, *see* 18 U.S.C. § 3244 (1), that any legal proceeding

challenging his conviction or sentence by the Italian sovereign would be brought in Italy.  *See*

*Venetucci v. Reese,* 46 Fed. Appx. 381 (8th Cir. 2002).[1]

　　　In this action positing jurisdiction under 28 U.S.C. § 1331, Venetucci argues that the

State Department was without jurisdiction to consent to his trial by an Italian court on the

additional charge of complicity in premeditated murder, and he seeks a "reversal" of that

decision.  (Compl. at 1 & ¶ 20.)  Venetucci contends that because no American judicial officer

held a hearing and found "sufficiency in law," *i.e.*, probable cause, for the charge of complicity in

premeditated murder, the State Department's consent was unauthorized.  (*Id.* ¶¶ 17-18.)

Venetucci acknowledges that "the United States can consent to his detention, trial, and

punishment."  (Pl.'s Opp'n at 3.)  However, he argues that because the extradition treaty does not

---

[1]　　　Despite that agreement, since being transferred to serve his sentence in the United States, Venetucci has filed five actions in three different district courts, all of which were attempts to collaterally attack his foreign conviction and sentence.  The relief he sought in each prior action was denied, and he took at least two appeals from those denials.  *See Venetucci v. Dep't of State,* Summ. Order, No. 05-3957-cv (2d Cir. Mar. 2, 2006), *Venetucci v. Reese,* 46 Fed. Appx. 381.

"give a specific name or office or branch that has the authority to give consent, . . . the consent must default back to the United States statute, specifically 18 U.S.C. § 3184[,]" which provides for an extradition hearing before an American judicial officer before certifying that the subject is extraditable.  (*Id.*)[2]

The complaint seeks a ruling that the State Department did not have the authority to give consent to the trial on complicity in premeditated murder, that "such consent is cancelled," and that the Embassy of Italy be notified that the consent has been cancelled.  (Compl. ¶¶ 20-21.) While the complaint stops short of asking for his release from his sentence, Venetucci's opposition to the defendant's motion to dismiss clarifies that "Plaintiff request[s] that the <u>consent</u> given by the State Department on the additional charge of complicity in premeditated murder be voided, thereby voiding the life sentence Plaintiff is currently serving.  Plaintiff also request[s] that he be released from prison and that the Italian Government be notified of such action."  (Pl.'s Opp'n at 4 (emphasis in the original).)

DISCUSSION

A federal court's jurisdiction is limited, and a federal court is under an independent and continuing obligation to examine its jurisdiction.  *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990); *Doe v. DOJ,* 753 F.2d 1092, 1121 n.4 (D.C. Cir. 1985).  This court has general

---

[2]  Venetucci's argument lacks merit.  The statute's language expressly limits its provisions to "any person found within [an American judicial officer's] jurisdiction," and anticipates this process in advance of "surrender" to the foreign sovereign, not after.  *See* 18 U.S.C. § 3184.  Furthermore, the argument is contrary to the decision in *Berenguer v. Vance,* 473 F. Supp. 1195 (D.D.C. 1979) (deciding that under the provisions of the governing extradition treaty executed with Italy, the already-extradited subject did not have a right to a hearing before an American judicial officer before the requested country could validly consent to the expansion of charges beyond those for which the subject was originally extradited).

subject matter jurisdiction over matters arising under the Constitution, laws and treaties of the

United States.  28 U.S.C. § 1331.  One of the laws of the United States provides in pertinent part:

> When a treaty is in effect between the United States and a foreign country
> providing for the transfer of convicted offenders — (1) the country in which the
> offender was convicted shall have *exclusive jurisdiction* and competence over
> proceedings seeking to challenge, modify, or set aside convictions or sentences
> handed down by a court of such country[.]

18 U.S.C. § 3244 (emphasis added).  By giving the country of conviction the "exclusive

jurisdiction," the express language of this statute divests this Court of jurisdiction over

Venetucci's collateral attack on his conviction and sentence for complicity in premeditated

murder.  Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction.

                                   CONCLUSION

        Because a statute of the United States divests this Court of jurisdiction over the subject

matter of this suit, the complaint will be dismissed.  A final order accompanies this memorandum

opinion.

                                              _____/s/_____
                                              RICHARD W. ROBERTS
Dated:  December 23, 2008                      United States District Judge